**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Reish, et al., | No. CV-19-00400-PHX-DLR |
| Appellants, | **ORDER** |
| v. | |
| Louie Mukai, | |
| Appellee. | |

On November 15, 2019, the Court issued an order affirming in part and remanding in part the bankruptcy court's December 28, 2018 order. (Doc. 36.) Before the Court is Appellee's motion for rehearing, which is fully briefed. (Docs. 38, 40, 43.) Relief on a motion for rehearing is appropriate where the district court "overlooked or misapprehended" a point of law or fact. F.R.B.P. 8022(a)(2). In other words, in order to prevail, the movant must identify an error committed by the Court in rendering its decision. *In re Kenny G Enter., LLC*, 708 F. App'x 390 (9th Cir. 2017). Appellee contends that the Court erred in remanding this matter to the bankruptcy court to ascertain the property value of 41FF for several reasons, which the Court will address in turn. For the reasons described below, Appellee's motion will be denied.

**I. Waiver**

First, Appellee argues that Appellants waived the issue of the 41FF's value because they did not raise it in their briefing. (Doc. 38 at 5.) The Court disagrees. Appellants

objected to the bankruptcy court's valuation of 41FF in their briefing, asserting that the bankruptcy court erroneously found, without supporting evidence, that the value of 41FF was $2.15 million—the amount Mr. Reish received from AMOD—even though 41FF was not airworthy when PHP effected the helicopter's transfer. (Doc. 16 at 32.)[1]

**II. Judicial Estoppel**

Second, Appellee contends that the doctrine of judicial estoppel prevents Appellants from objecting to the bankruptcy court's valuation because Appellants had not contested 41FF's valuation throughout the litigation and Mr. Reish asserts in a separate, ongoing case with AMOD that he has the right to retain the $2.15 million proceeds from his sale of 41FF to AMOD. (Doc. 38 at 6-7.) Appellee did not raise this judicial estoppel argument before filing its motion for rehearing. The Court did not err by not considering an argument that was never made.

In addition, as discussed above, Appellants contested that 41FF was valued at $2.15 million at the time of transfer from PHP to Mr. Reish. Appellants' position that the 41FF's value on October 27, 2015 might not equal 41FF's sale price in the subsequent transaction between Mr. Reish and AMOD has not changed and is not incompatible with the position it has taken throughout *this* case—which is an earlier piece of a larger litigation puzzle. *Risetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600-01 (9th Cir. 1996).[2] The Court recognizes that the piecemeal nature of this litigation complicates matters for the parties; however, it would be inappropriate for the Court to decide issues extraneous to

---

[1] Appellee admits that Appellant also contested 41FF's in his opening brief before the bankruptcy appellate panel ("BAP"), arguing, "[a]n evidentiary hearing is required to sort out whether or not the 0041FF was airworthy . . . and if not, what it was worth in its non-airworthy condition." (Doc. 42 at 4.) Further, the BAP remanded for the bankruptcy court to hold an evidentiary hearing, yet an evidentiary hearing was never held on the valuation issue. (*Id.*)

[2] This case and its related arguments arose before the AMOD matter. (Doc. 40 at 4.) Assuming arguendo that Appellants' positions in the two cases are inconsistent for judicial estoppel purposes, which the Court does not decide, the court handling the AMOD matter could estop Appellants from espousing the latter position asserted in the AMOD case. This Court is not to involve itself. *Rissetto*, 94 F. 3d at 603 ("The interested party is. . . the court in which a litigant takes a position incompatible with the one the litigant has previously taken. The tribunal in which the litigant made the first statement could also be interested . . . but it is not in a position to do anything about its interest. Therefore . . . the interests of the second court are uniquely implicated.").

those presented, and the Court did not err by refraining from doing so.

**III. Burden**

Third, Appellee asserts that Appellants did not show that the bankruptcy's valuation finding was clearly erroneous. (Doc. 38 at 8.) However, Appellants underscored that the bankruptcy court never held an evidentiary hearing on the valuation of 41FF and that it supported its independent valuation decision with a single sentence: "Here, the fair market value of 41FF is determined by the price AMOD paid to Reish." (Doc. 16 at 32; Doc. 1 at 21.) As Appellants argued and the Court explained, the price AMOD paid to Mr. Reish for 41FF was conditioned on receipt of an airworthy helicopter, and it is uncontested that 41FF was not airworthy on October 27, 2015. Thus, the bankruptcy court's decision to value 41FF as if it were airworthy, *without other support* or explanation as to why this manner of valuation was proper, was clearly erroneous.[3] *In re Windwill Durango Office, LLC*, 481 B.R. 51, 64 (B.A.P. 9th Cir. 2012) ("We reverse the bankruptcy court . . . if we conclude that the bankruptcy court's factual determinations were illogical, implausible, or without support[.]"). Consequently, the Court did not err in finding that Appellants met their burden.

**IV. Fairness**

Fourth, Appellee argues that any other value assigned to 41FF would create an unjust result. (Doc. 38 at 9-11.) However, in remanding this matter the Court is not directing the bankruptcy court to necessarily find that 41FF is valued at any particular amount. Rather, it is directing the bankruptcy court to ascertain 41FF's value "at the time of transfer" from PHP to Mr. Reish—whatever that might be—and to support such valuation with evidence from the record. (Doc. 36 at 8.) Arguments by Appellee speculating that any future valuation may cause injustice fail to render clearly erroneous the Court's decision that the bankruptcy court erred in its valuation analysis. The bankruptcy court will undoubtedly consider questions of equity on remand, and such

---

[3] In other words, the Court is not declaring that the $2.15 million figure is inherently an incorrect valuation of 41FF. Rather, the bankruptcy court erred by failing to adequately support the valuation, especially considering 41FF's unairworthy condition.

- 3 -

concerns, in and of themselves, should not prevent a proper reconsideration of the 41FF's value.  Accordingly,

**IT IS ORDERED** that Appellee's motion for rehearing (Doc. 38) is **DENIED**.

Dated this 10th day of January, 2020.

Douglas L. Rayes
United States District Judge